**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BUILDING COMMITTEE, INC.,
a foreign corporation,

                                              CASE NO. 05-72201

       Plaintiff,                             HON. LAWRENCE P. ZATKOFF

v.

PUBLIC SERVICE CREDIT UNION,
a Michigan credit union,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 13, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Public Service Credit Union's Motion for

Summary Judgment and Plaintiff Building Committee, Inc.'s Motion for Summary Judgment as to

Defendant's Counter-Claim.  Defendant has responded and Plaintiff has replied to this response.

The Court finds that the facts and legal arguments are adequately presented in the parties' papers

and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to

E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs

submitted.  For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED

and Plaintiff's Motion for Summary Judgment as to Defendant's Counter-claim is GRANTED.

## II. BACKGROUND

On October 29, 2004, Defendant Public Service Credit Union (hereinafter, "Credit Union") accepted a written proposal for services from Plaintiff Building Committee, Inc. (hereinafter, "BCI"). Pursuant to the proposal, BCI was to perform "Basic Architectural Services" for an administrative center and branch center for the Credit Union. In exchange for those services, the Credit Union was to pay BCI $298,800.

On March 9, 2005, the Credit Union paid BCI's initial bill of $104,580 representing payment for approximately 35% of the work covered by the October 29, 2004 contract. BCI asserts that by the end of March 2005, it had substantially completed all of the work required under the contract. About this time, however, the Credit Union decided not go forward with the purchase of the building for which the work was being planned. The Credit Union then began disputing with BCI regarding the payment of remaining $194,220 owed under the contract. When the parties were unable to resolve the dispute, Plaintiff BCI brought the present suit. In response, Defendant Credit Union filed a counter-claim seeking the return of its initial $104,580 payment.

## III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard,

the Court must view all materials supplied, including all pleadings, in the light most favorable to the

non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986). "If the evidence is merely colorable or is not significantly probative, summary judgment

may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its

motion and identifying those portions of the record that establish the absence of a genuine issue of

material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has

met its burden, the nonmoving party must go beyond the pleadings and come forward with specific

facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477

U.S. at 324. The non-moving party must do more than show that there is some metaphysical doubt

as to the material facts. It must present significant probative evidence in support of its opposition

to the motion for summary judgment in order to defeat the motion for summary judgment. *See*

*Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).


## IV.  ANALYSIS

By its motion for summary judgment, Defendant Credit Union argues that it owes nothing

to Plaintiff BCI under the October 29, 2004 contract because the contract should be considered void

as an illegal contract and for being in violation of public policy. In support of its allegation of

illegality, the Credit Union asserts that BCI was not licensed to perform architecture in the state of

Michigan pursuant to the Michigan Occupational Code. *See* Defendant's Brief, at 3.

The Michigan Occupational Code prohibits the practice of architecture by an individual

without a license. Specifically, the Code provides penalties for any person who commits any of the

of the following:

> (a) Uses the term "architect", "professional engineer", "land surveyor", "professional surveyor", or a similar term in connection with the person's name unless the person is licensed in the appropriate practice under this article.
> (b) Presents or attempts to use as the person's own the license or seal of another.
> (c) Attempts to use an expired, suspended, or revoked license.
> (d) Uses the words "architecture", "professional engineering", "land surveying", "professional surveying", or a similar term in a firm name without authorization by the appropriate board.
> (e) Submits to a public official of this state or a political subdivision of this state for approval, a permit or a plan for filing as a public record, a specification, a report, or a land survey that does not bear 1 or more seals of a licensee as required by this article. This subdivision does not apply to a public work costing less than $15,000.00 or a residential building containing not more than 3,500 square feet of calculated floor area. As used in this subdivision, "calculated floor area" means that term as defined in section 2012(2)(a).

MCL § 339.2014.

By affidavit, BCI has asserted that the architectural services performed under the October 29, 2004 contract with the Credit Union were performed by or under the supervision of Richard Woods of Woods-Associates, Inc.. *See* Minihan Aff., ¶¶ 11, 12.  Furthermore, it has asserted that Woods has been licensed to practice architecture in Michigan since 1989, that Woods has performed numerous architecture projects for BCI, and that no BCI employee ever represented himself to the Credit Union as an architect.  *See* Woods Aff. ¶ 2; *see* Minihan Aff. ¶ 5.

Based on these undisputed facts,[1] it is clear that neither Richard Woods nor BCI has violated any of the prohibitions of MCL 339.2014.  In addition, BCI's October 29, 2004 contract for "basic architectural services" cannot be said to violate Michigan's Occupational Code nor the public policy

---

[1] The Credit Union tries to create a question of fact regarding whether the architecture work was actually performed by a licensed architect, but no genuine dispute exists.  Both BCI and Richard Woods have asserted by affidavit that Woods performed and supervised the architectural services for the project.  As no evidence to the contrary exists, the Court accepts the fact that Woods performed the architectural services pursuant to the contract.

of the state of Michigan.

In summary, Defendant Credit Union agreed to pay $298,800 to Plaintiff BCI for the performance of "basic architectural services."  BCI performed these services through Michigan-licensed architect Richard Woods.  Such a contract does not violate either Michigan law or public policy.  Accordingly, Defendant Credit Union's counter-claim seeking recoupment of its $104,580 initial payment fails as a matter of law.

## V. CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendant's Motion for Summary Judgment.  The Court HEREBY GRANTS Plaintiff's Motion for Summary Judgment as to Defendant's Counter-claim.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  October 13, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 13, 2005.


s/Marie E. Verlinde
Case Manager
(810) 984-3290